UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DENNIS NELSON,

                            Plaintiff,

v.                                                                                                      9:10-CV-0990
                                                                                              (GTS/DRH)

ELIZABETH WARREN, Nurse, Marcy C.F.,

                            Defendant.
_____

APPEARANCES:                                                        OF COUNSEL:

DENNIS NELSON, 94-B-0694
  Plaintiff, *Pro Se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. GLENN T. SUDDABY, United States District Judge

# MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner action filed by Dennis Nelson ("Plaintiff") against Marcy Correctional Facility Nurse Elizabeth Warren ("Defendant"), are the following: Defendant's first motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6); Defendant's second motion to dismiss, pursuant to 28 U.S.C. § 1915(g); United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Defendant's first motion to dismiss be denied but that her second motion to dismiss be granted; and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 16, 17, 21, 22.) For the reasons set forth below, Magistrate Judge Homer's Report-Recommendation is adopted; Defendant's first motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), is denied; her second motion to dismiss, pursuant to 28 U.S.C. § 1915(g), is granted; and Plaintiff Complaint shall be dismissed in its entirety

without further Order of this Court, unless he pays the Court's filing fee of $350.00 within thirty (30) days of this Decision and Order.

I.   **RELEVANT BACKGROUND**

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite in detail Plaintiff's claims and factual allegations, or the procedural history of the action, except where necessary below in Part III of this Decision and Order.

II.   **APPLICABLE LEGAL STANDARDS**

A.   **Standard of Review Governing a Report-Recommendation**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.³ Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.⁴ Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error"

---

magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

³ *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

⁴ *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Legal Standard Governing Dismissal Based on Failure to State a Claim

Magistrate Judge Homer correctly recited the legal standards governing motions to dismiss for failure to state a claim in his Report-Recommendation and Order. (Dkt. No. 21, at Part II.A.) As a result, these standards are incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

The Court would add only a few words regarding what documents may be considered when construing the pleading sufficiency of a complaint (given that Plaintiff's Complaint in this action attaches two grievance documents): (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[6]

---

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[6] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and

   **C.**  **Legal Standard Governing Dismissal Under the Three Strikes Provision**

In his Report-Recommendation and Order, Magistrate Judge Homer correctly recited the legal standards governing dismissals under the "three strikes" provision of 28 U.S.C. § 1915(g). (Dkt. No. 21, at Part II.B). As a result, these standards are incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

**III.** **ANALYSIS**

On December 12, 2011, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendant's first motion to dismiss (for failure to state a claim) be denied but her second motion to dismiss (based on the "three strikes" provision of 28 U.S.C. § 1915[g]) be granted. (Dkt. No. 21, at Part II.) More specifically, Magistrate Judge Homer recommended that, because Plaintiff had acquired at least three "strikes" before he filed this action, and because he has not alleged facts plausibly suggesting that he was under imminent danger of serious physical injury when he filed this action, the *in forma pauperis* status (which he was granted improvidently on November 24, 2010) be vacated, Plaintiff's Complaint be dismissed as to all claims, unless he pays the Court's filing fee of $350.00 within thirty (30) days of this Decision and Order. (*Id*.) In addition, Magistrate Judge Homer recommended that Plaintiff "be

---

provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

**BARRED** from filing any [*in forma pauperis*] complaints in this district unless he is under imminent danger of serious physical injury." (*Id*. at 11.)

On December 22, 2011, Plaintiff filed his timely Objection to the Report-Recommendation. (Dkt. No. 22.) In his Objection, Plaintiff argues that "I am in serious physical injury [because] I have an infection called Merca[:] the deadly infection that can kill you if not treated right." (*Id*. at ¶ 4.) In addition, he provides what he calls a "graphic of [his] left leg," consisting of a kidney-shaped balloon contains the words "Merca" and "Whole Left Leg," surrounded by scribbles labeled as an "infection." (*Id*. at 2.) Finally, Plaintiff states that "I have witnesses that can show you and tell you what my left looks lik[e]." (*Id*.)

Under the circumstances, the Court has difficulty construing Plaintiff's Objection (which is premised solely on his new allegation regarding MRSA) as raising a *specific challenge* to that portion of Magistrate Judge Homer's Report-Recommendation regarding Plaintiff's Complaint (which is devoid of any allegation regarding MRSA) as failing to allege facts plausibly suggesting an imminent danger of serious physical injury. Simply, it would be both anachronistic and a frustration of the purpose of the Magistrates Act to construe Plaintiff's MRSA allegation as "challenging" a Report-Recommendation that was issued without the benefit of that MRSA allegation. In any event, because such a construction would not change the outcome of this Decision and Order, the Court will, for the sake of brevity, liberally construe Plaintiff's Objection as raising a specific challenge to that portion of Magistrate Judge Homer's Report-Recommendation regarding Plaintiff's Complaint as failing to allege facts plausibly suggesting an imminent danger of serious physical injury.

After carefully reviewing all of the papers in this action, including the "imminent danger" portion of Magistrate Judge Homer's Report-Recommendation, the Court concludes that the

"imminent danger" portion of the Report-Recommendation is thorough, well-reasoned and correct. (Dkt. No. 21, at 8-11.) Magistrate Judge Homer employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court adopts the "imminent danger" portion of the Report-Recommendation on *de novo* review, for the reasons stated therein. (*Id.*)

In addition, the Court adopts the other portions of the Report-Recommendation under the less-rigorous clear-error standard of review, given that Plaintiff has not, in his Objection, specifically challenged those other portions (including Magistrate Judge Homer's construction of Plaintiff's claims, allegations and arguments, and Magistrate Judge Homer's finding that Plaintiff had acquired at least three "strikes" before filing this action). (*Id.* at 1-8.)

The Court would add only four points. First, as Magistrate Judge Homer correctly stated in his Report-Recommendation, in determining a plaintiff's entitlement to invoke the "imminent danger" exception, the Second Circuit has ruled that imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged.[7] Here, Plaintiff filed his Complaint on August 7, 2010. (Dkt. No. 1, at 6.)[8] As a result, the factual allegations

---

[7] *See Chavis v. Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010) ("An imminent danger is not one that has dissipated by the time a complaint is filed . . . ; rather it must be one existing at the time the complaint is filed.") [internal quotation marks and citations omitted]; *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) ("The [imminent danger] exception only applies to danger existing at the time the complaint is filed."); *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) ("[A] three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed."); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (per curiam) ("This argument is simply an invitation to overturn our time-of-filing interpretation in *Malik*, an invitation that we decline."); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed.").

[8] Under the "prison mailbox rule," the date of filing of a *pro se* prisoner civil rights action is deemed to be the date that the prisoner-plaintiff is presumed to have handed his

regarding imminent danger should regard that approximate time period. The problem is that Plaintiff's late-blossoming allegation regarding "ganegreene" (asserted in his response to Defendant's first motion) arise from a condition experienced seven months after the date of filing of Plaintiff's Complaint. (Dkt. No. 17 [dated March 8, 2011].) Moreover, Plaintiff's late-blossoming allegations regarding MRSA (asserted in his Objections to Magistrate Judge Homer's Report-Recommendation) arise from a condition experienced nearly seventeen months after the date of filing of Plaintiff's Complaint. (Dkt. No. 22, at 3 [undated but showing postage date of Dec. 21, 2011].) As a result, even if these allegations could be liberally construed as effectively amending the allegations of Plaintiff's Complaint,[9] they would not plausibly suggest that Plaintiff was in imminent danger of serious physical injury on August 7, 2010.

---

complaint to a prison guard for mailing, which is the date that the complaint was signed. *See Shaw v. Superint., Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n. 3 (N.D .N.Y. March 28, 2007) (McCurn, J.) (habeas corpus proceeding) [citations omitted]; *Garraway v. Broome County, N.Y.*, 03-CV-0681, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7, 2006) (McAvoy, J.) (prisoner civil rights action) [citation omitted].

  [9] In the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint. *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

Second, the Court need not *sua sponte* afford Plaintiff an additional opportunity to allege facts plausibly suggesting imminent danger because it has already construed his response to Defendant's first motion, his response to Defendant's second motion, and his Objections as effectively amending the allegations of his Complaint, and finds them together to be insufficient to allege facts plausibly suggesting that he was in imminent danger of serious physical injury on August 7, 2010.

Third, the bar order recommended by Magistrate Judge Homer (assuming it is interpreted to apply only to future *in forma pauperis* civil actions by Plaintiffs *as a prisoner*) is one that is expressly authorized, and indeed, required by statute. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). As a result, the Court need not issue an Order to Show Cause before reaffirming the existence of that bar order in this Decision and Order.

Fourth and finally, Plaintiff is advised that, if he does pay the Court's filing fee within thirty days (as required by this Decision and Order), then he will thereafter be *sua sponte* directed to show cause as to why his Complaint should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for alleging facts that can only be liberally construed as plausibly suggesting that he did not appeal the denial of his grievance all the way to up the New York State Department of Corrections and Community Services' Central Office Review Committee, and receive a response from that Committee (or acquire cause to be excused from having to do so), before filing this action on August 7, 2010. (*See* Dkt. No. 1, at 2, 9 [alleging

9

that the furthest he pursued his grievance was through an "appeal to superintendent," and indicating that his grievance was denied by the Inmate Grievance Resolution Committee on July 20, 2010].)[10]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 21) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendant's first motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 16 ), is **DENIED**; and it is further

**ORDERED** that Defendant's second motion to dismiss, pursuant to 28 U.S.C. § 1915(g) (Dkt. No. 18), is **GRANTED**; and it is further

**ORDERED** that Plaintiff's *in forma pauperis* status is hereby **REVOKED** as having been improvidently granted; and it is further

**ORDERED** that Plaintiff Complaint (Dkt. No. 1) shall be **DISMISSED** in its entirety without further Order of this Court, unless he pays the Court's filing fee of **THREE HUNDRED FIFTY DOLLARS ($350.00)** within **THIRTY (30) DAYS** of the date of this Decision and Order; and it is further

**ORDERED** that in no event shall Plaintiff, as a prisoner, bring a future civil action *in forma pauperis* in this District unless he is under imminent danger of serious physical injury.

Dated: March 2, 2012
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

[10] *See* 28 U.S.C. § 1915A(b); *Wachtler v. Herkimer Cnty.*, 35 F.3d 77, 82 (2d Cir. 1994); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam).